IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE MEDICINES COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 09-750-ER |
| | ) | (Consolidated) |
| TEVA PARENTERAL MEDICINES, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING CASE SCHEDULE, DISCOVERY LIMITATIONS, AND STATUS REPORTS

Having considered the written submissions of the parties (D.I. 129 and 132)[1], and having conducted a telephonic hearing on December 20, 2010 regarding proposed modifications to the Scheduling Order (D.I. 93) and discovery limitations, the Special Master recommends: (1) that the existing fact discovery and claim construction briefing deadlines be extended by two months (*see* Chart 1); (2) that the existing expert discovery deadlines should not be extended (*see* Chart 2); (3) that the discovery limitations set forth in Chart 3 be adopted; and (4) that monthly Joint Status Reports and Status Conferences be required.

The Special Master is mindful of Judge Robreno's statement at the October 13, 2010 hearing that modifications to the existing scheduling order might become necessary at some point (10/13/10 Tr. at 53:15-17), as well as his later observation during his colloquy with counsel for APP Pharmaceuticals, Inc. ("APP") that the appointment of a Special Master would not warrant an extension of the schedule (10/13/10 Hearing Tr. at 57:12-20). The Special Master is also mindful that in response to correspondence to Judge Robreno dated December 2, 2010

---

[1] The proposals of each party regarding case scheduling and discovery limitations are set forth in Attachments A and B.

requesting clarification as to the scope of the Special Master's authority to manage discovery in this case, the Special Master was verbally informed that his authority includes the ability to set discovery deadlines. With Judge Robreno's directives in mind, the Special Master recommends that the case schedules set forth in Charts 1 and 2 be adopted.

| Chart 1: Case Schedule—Fact Discovery and *Markman* | | |
|---|---|---|
| **Event** | **Special Master's Proposal** | **Reason** |
| Motions for leave to join/amend pleadings | February 25, 2010 | The two-month extension of the fact discovery deadline necessarily requires a corresponding two-month extension of the deadline for filing motions for leave to join/amend pleadings. |
| Last day to raise discovery issues | August 4, 2011 | Not opposed. |
| Fact discovery close | May 6, 2011 | In light of the motion to amend the pleadings which APP intends to file, a two-month extension is warranted because additional fact discovery beyond what has already been provided would likely be necessary. This conclusion in no way suggests the outcome of the motion to amend the pleadings that may be filed. In addition, accepting Plaintiff's assertion that additional work will be required as a result of the recent consolidation, the Special Master concludes that some modest extension of the fact discovery period is warranted. |
| Identify/exchange claim terms | May 13, 2011 | The two-month extension of the fact discovery deadline necessarily requires a corresponding two-month extension of the claim construction deadlines. |
| Meet and confer re: claim terms | June 3, 2011 | |
| Exchange simultaneous opening claim construction briefs | July 1, 2011 | |
| Exchange simultaneous responding claim construction briefs | July 29, 2011 | |
| *Markman* hearing | TBD by Judge Robreno | |

2

| Chart 2: Case Schedule—Expert Discovery and Summary Judgment |||
|---|---|---|
| **Event** | **Special Master's Proposal** | **Reason** |
| Opening expert reports | 45 days after *Markman* ruling (or 45 days after the close of fact discovery, whichever is later). | An extension of the existing expert discovery deadlines is not warranted. Although Plaintiff asserted that due to the recent consolidation it now must analyze 5 ANDAs and test 5 ANDA products (including Hospira's two ANDAs), Hospira made clear that in substance Plaintiff actually needs to analyze only 4 ANDAs, as Hospira's two ANDAs differ in respects that are not relevant to the issues in this case (product packaging). Further, there is no reason to expect that analysis of the Defendants' ANDA products has not already commenced, or could commence forthwith, although the Special Master is mindful that the record is silent as to whether actual testing of the products has begun. |
| Responding expert reports | 4 weeks after opening reports | |
| Rebuttal expert reports | 4 weeks after responding reports | |
| Close of expert discovery | 8 weeks after rebuttal reports | |
| Motions for summary judgment | No later than 45 days after close of expert discovery. | All parties are in agreement. |
| Pretrial conference | TBD by Judge Robreno | |
| Trial | TBD by Judge Robreno (following a decision on dispositive motions) | |

3

| Chart 3: Discovery Limitations | | |
|---|---|---|
| **Event** | **Special Master's Proposal** | **Reason** |
| Depositions (parties and third parties) | 24 depositions for Plaintiff; 24 depositions collectively for all defendants. | All parties are in agreement. |
| | Each 7 hours (on the record) of Rule 30(b)(6) testimony shall count as one deposition. | All parties are in agreement. |
| | Maximum of 36 hours of Rule 30(b)(6) testimony for Plaintiff of Defendants, with Plaintiff having the flexibility to use the 36 hours as it sees fit. | Plaintiff should be afforded the flexibility to determine how much time is required to depose Defendants' Rule 30(b)(6) witnesses. |
| | Maximum of 36 hours (on the record) of Rule 30(b)(6) testimony collectively for all Defendants of Plaintiff. | Not opposed. |
| | A party may seek to increase the number of depositions, or the number of hours of Rule 30(b)(6) deposition testimony, if there is good cause for additional depositions or Rule 30(b)(6) time. | All parties are substantially in agreement. |
| | Individual depositions are limited to 7 hours (on the record); except that the depositions of the named inventors of the patents-in-suit shall be limited to 18 hours (on the record) each and shall each count as a single deposition for purposes of the limit of 24. | All parties are in agreement regarding the number of hours for individual depositions of non-inventors.<br><br>In light of the motion to amend the pleadings which APP intends to file, there is justification to permit 18 hours of deposition testimony of the named inventors. This conclusion in no way suggests the outcome of the motion to amend the pleadings that may be filed. |

| Chart 3: Discovery Limitations | | |
|---|---|---|
| **Event** | **Special Master's Proposal** | **Reason** |
| Depositions (parties and third parties) | Witnesses shall be deposed only once in their individual capacity (except for inventors, who are subject to the 18 hour limit addressed above); provided that Rule 30(b)(6) testimony does not count as a deposition in an individual capacity; and provided that no party shall be required to make available for deposition more than 6 employee-witnesses in their individual capacity. | Not opposed. |
| Interrogatories | Each party may propound 25 interrogatories, as allowed by Fed. R. Civ. P. 33(a). | There is no compelling reason to deviate from the number of interrogatories prescribed by Fed. R. Civ. P. 33. |
| Requests for admission | Each party may propound 30 requests for admission. These limits do not apply to requests for admission regarding the authenticity of documents. | The proposal of 30 requests for admission per party is reasonable. Defendants should make every effort to avoid propounding duplicative requests for admission on Plaintiff. Defendants' proposal for unlimited requests for admission regarding the authenticity of documents is unopposed. |
| Requests for production | Unlimited | All parties are in agreement. |

| Chart 3: Discovery Limitations | | |
|---|---|---|
| **Event** | **Special Master's Proposal** | **Reason** |
| Expert depositions | Expert depositions are limited to a maximum of seven (7) hours on the record per expert unless extended by agreement of the parties; <br><br> except that, in the event more than one defendant seeks to depose the same plaintiff's expert, that expert shall be made available for 10.5 hours of deposition on the record; <br><br> provided, however, that the Parties agree to adjust this duration upward or downward as appropriate in light of, for example, the number of reports submitted by the expert, and the number of issues on which the expert will testify. | All parties are in agreement that expert depositions generally should be limited to seven (7) hours. <br><br> With respect to the issue of additional deposition time for plaintiff's experts, the Special Master concludes that Defendants' proposal that Plaintiffs' experts should be made available for 14 hours of deposition in the event that more than one defendant seeks to depose that same expert is excessive. The Special Master recognizes, however, that different defendants might wish to ask different questions of the same expert. Thus, 10.5 hours of deposition time is warranted in the event that multiple defendants wish to depose the same expert. Cumulative questions directed to the same plaintiff's expert by multiple defendants should be avoided. |

Joint Status Reports and Status Conferences. The Special Master further recommends that the parties submit monthly Joint Status Reports and participate in monthly Status Conferences for the purpose of apprising the Special Master of discovery-related issues, including the progress of discovery, starting in January 2011. The Joint Status Report shall be submitted by the close of business on the second Tuesday of each month, and the Status Conference shall take place telephonically at 3:00 p.m. (Eastern Standard time) two days thereafter, on the second Thursday of each month. Joint Status Reports shall not exceed four (4) pages in length, single-spaced. In the event the parties all agree that a Status Conference would not be necessary during a particular month, they shall state so clearly in the Joint Status Report. Otherwise, the Status Conference shall go forward.

THE SPECIAL MASTER'S REPORT AND RECOMMENDATION WILL BECOME A FINAL ORDER OF THE COURT, UNLESS OBJECTION IS TAKEN IN ACCORDANCE WITH THE ANTICIPATED ORDER BY THE COURT WHICH SHORTENS THE TIME WITHIN WHICH AN APPLICATION MAY BE FILED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 53(f)(2).

ENTERED this 23rd day of December, 2010

_____
Vincent J. Poppiti (#100614)
Special Master