IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE MEDICINES COMPANY, | : | CIVIL ACTION |
| | : | NO. 09-750-ER |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TEVA PARENTERAL MEDICINES, | : | |
| INC., et al., | : | |
| | : | |
| Defendants. | : | |

# O R D E R

**AND NOW**, this **19th** day of **May, 2011**, upon consideration
of the Special Master's Proposed Order (doc. no. 362), Plaintiff
Medicines Co.'s Objections (doc. no. 362), and Defendant APP
Pharmaceutical's Plaintiff Medicines Co.'s Objections (doc. no.
367), it is **ORDERED** that Plaintiff Medicines Co.'s Objections
(doc. no. 362) are **SUSTAINED in part** and that Special Master's
Proposed Order (doc. no. 362) is **NOT ADOPTED**.

It is further **ORDERED** that Plaintiff Medicines Co.'s
Motion for Protective Order (doc. no. 319) is **GRANTED in part and
DENIED in part**, as follows:

1. The motion is **GRANTED**[1] as to the unasserted

_____

[1]     Courts have found that there is no case in controversy
regarding claims that are no longer alleged to be infringed.
Hoffman-La Roche Inc. v. Mylan Inc., 2009 U.S. Dist. LEXIS 114784
(D.N.J. Dec. 9, 2009)(in folder materials for your review);
Teradyne Inc. v. Hewlett-Packard Co., Civil Action No. 91-0344,
1994 U.S. Dist. LEXIS 8630, 1994 WL 317560 (N.D. Cal. June 21,
1994); Howes v. Zircon Corp., 992 F. Supp. 957, 959-60 (N.D. Ill.
1998); Therma-Tru Corp. v. Peachtree Doors Inc., Civil Action No.

89-73028, 1992 U.S. Dist. LEXIS 21305, 1992 WL 332100, at *4
(E.D. Mich. Feb. 25, 1992), aff'd in part, rev'd in part on other
grounds, 44 F.3d 988 (Fed. Cir. 1995).

It is an open question as to whether a "case in
controversy" exists regarding unasserted claims of the patents-
in-suit, under the new law as espoused by the Supreme Court in
MedImmune v. Genentech. 549 U.S. 118 (2007). As the burden
falls with the party seeking declaratory relief, a finding that
APP fails to show that there is a "case in controversy" as to the
unasserted claims is supported by both Federal Circuit precedent
and is consistent with the Supreme Court's direction in
MedImmune.

In its response to Medco's objections, APP points to
two cases for the proposition that when a patent defendant
(declaratory judgment plaintiff) asserts a defense of invalidity
against all claims, that this is sufficient to create a "case in
controversy" to provide the Court jurisdiction over unasserted
claims. APP Resp. 1 (citing Scanner Techs. Corp. v. ICOS Vision
Sys. Corp., N.V., 528 F.3d 1365, 1383 (Fed. Cir. 2008); Teva
Pharms., USA, Inc. v. Novartis Pharm. Corp., 482 F.3d 1330, 1340
(Fed. Cir. 2007). These cases are easily distinguishable. In
Scanner, the Federal Circuit held that the district court had
jurisdiction over all claims in the patent where the defendant
(declaratory judgment plaintiff) was seeking a declaratory
judgment that the patent in suit was unenforceable for
inequitable conduct. In Teva, defendant (declaratory judgment
plaintiff) sought declaratory judgment of related patents that
had been listed in the Orange Book that the plaintiff did not
assert in the case. In applying MedImmune, the Federal Circuit
found that an injury-in-fact and thus, a case in controversy, did
exist because the plaintiff could assert those related patents in
a later suit against defendant. Teva Pharms., 482 F.3d 1330;
see also Kearns v. General Motors Corp., 94 F.3d 1553 (Fed. Cir.
1996)(res judicata did not bar bringing infringement claim on
different but related patents).

In this case, it seems that the justification for
finding that an injury-in-fact under MedImmune is not present
because Plaintiff cannot later bring a patent infringement suit
against Defendant asserting infringement of the same patent on
the unasserted claims. See Hemphill v. Kimberly-Clark Corp., 335
Fed. Appx. 964, 965 (Fed. Cir. 2008). As Plaintiff has
represented to this Court that it is not asserting these claims,
and thereby waiving its right to assert infringement on these
claims, the Court finds that there is no case-in-controversy
regarding the unasserted claims. Thus, discovery relating to the
unasserted claims is not relevant unless APP can show that it can
lead to relevant evidence regarding the asserted claims at issue.

claims of the patents-in-suit (topic 5).[2]

       2.  The Motion is **DENIED** as to Rule 30(b)(6)

testimony relating to Plaintiff's '550 patent application and its

prosecution (topic 6).[3]


       **AND IT IS SO ORDERED.**

        **S/Eduardo C. Robreno**
       **EDUARDO C. ROBRENO, J.**

--------------------------------

[2]    While APP's Motion to Amend its Answer, to include a
claim for declaratory judgment that the patents in suit are
unenforceable for inequitable conduct, is still pending, the
Court assumes, as the Special Master does, that this claim is not
included in the current analysis.  If the Motion is granted, the
Court would then maintain jurisdiction over all claims.  However,
discovery regarding those claims would be limited to that
relevant to the allegation of inequitable conduct.
    Additionally, while the Court finds that there is no
current case in controversy for the unasserted claims, there may
be discovery regarding those claims that may be reasonably
calculated to lead to the discovery of admissible evidence
regarding the asserted claims.  While Defendants may be able to
make this argument to the Special Master, if the amount of
discovery on the unasserted claims is significant, the Court will
entertain a schedule change as there is only one month of fact
discovery remaining.

[3]    The Court agrees with the Special Master that testimony
relating to the prosecution of the '550 patent is relevant and
not overly burdensome as the '550 patent application was
submitted on the same date and regarding the same product as the
patents-in-suit.