# PHILLIPS, GOLDMAN & SPENCE, P. A.

ATTORNEYS AT LAW

JOHN C. PHILLIPS, JR.
STEPHEN W. SPENCE\*
ROBERT S. GOLDMAN\*†
LISA C. McLAUGHLIN†
JAMES P. HALL
BRIAN E. FARNAN\*\*\*
JOSEPH J. FARNAN, III\*
DAVID A. BILSON\*\*\*
STEPHEN A. SPENCE
E. ASHLEY TUCKER

ALSO MEMBER OF
\*PENNSYLVANIA BAR
\*\*NEW JERSEY BAR
†MARYLAND BAR
†FLORIDA BAR

PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)

May 24, 2011

**BY CM/ECF & HAND DELIVERY**
The Honorable Vincent J. Poppiti, Special Master
Fox Rothschild LLP
Citizens Bank Center
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323

REDACTED -- PUBLIC
VERSION

Re: *The Medicines Company v. Teva et al.*, No. 09-750 (D. Del.)
(Consolidated) DM#_____

Dear Judge Poppiti:

This firm represents Defendants Pliva-Hrvatska d.o.o ("Pliva"), Teva Parenteral Medicines, Inc., Pliva d.d., Barr Laboratories, Inc. ("Barr Labs"), Barr Pharmaceuticals, Inc. and Barr Pharmaceuticals, LLC (collectively "Barr Pharmaceuticals"), Teva Pharmaceuticals USA, Inc. ("Teva USA"), Teva Pharmaceutical Industries, Ltd. ("Teva Ltd.") as well as third parties Plantex-USA, Inc. ("Plantex") and George Svokos in the above-captioned litigation. We respectfully request Your Honor's assistance in resolving disputes that remain between the parties following their meet and confer as required by Your Honor's May 20, 2011 Order.

## II. ARGUMENT

Your Honor ordered Plantex, Svokos, Pliva, Teva, and MedCo to meet and confer in order to eliminate and agree upon topics from the Plantex and Svokos subpoenas. The parties have done so and eliminated Topics 7, 9, and 16 because they relate solely to the technical aspects of the bivalirudin API that was the subject of Your Honor's May 20 Order.

Plantex does not believe that there are any disputes remaining regarding the scope of Topics 8, 10, and 15, and the parties have reached agreement regarding many aspects of the scope of the remaining Plantex subpoena topics. The parties have likewise resolved all disputes relating to the 30(b)(6) Notices directed to Teva USA and Teva Ltd.

The scope of Topics 1-6, 11-14, and 17 of the Plantex subpoena remain in dispute.

**A. Inducement of Parties Other Than Pliva (Plantex Subpoena Topics 1-6, 11-14, 17)**

The Honorable Vincent J. Poppiti
May 24, 2011
Page 2

A dispute remains regarding the scope of Topics 1-6, 11-14, and 17 of the Plantex subpoena. The parties have agreed that Plantex and Svokos will provide information that falls within the scope of those topics regarding Pliva's ANDA. ▌ Moreover, several of the topics are not limited to even the defendants in this litigation. For instance, Topics 2, 11 and 13 could encompass communications, API supply and forecasts with respect to *any* bivalirudin purchaser. ▌[1]

▌ Your Honor ordered that Plantex was required to provide testimony that was relevant to MedCo's claims of indirect infringement. DM 8 at 5. To be sure, the complaints filed against Pliva assert, in the Second Counts, that Pliva d.d., Barr Labs, Barr Pharmaceuticals, Teva USA, and Teva Ltd. induced and/or contributed to direct infringement by Pliva-Hrvatska by inducing, encouraging, aiding, or abetting in the preparation and submission of *Pliva's* ANDA, No. 91-206, despite failing to mention Plantex or the supply of API. Exs. 2 and 3 to Beyer Decl.[2]



Simply put, there is no claim in this case that supports MedCo's request for discovery related to ANDAs other than the Pliva ANDA. ▌

---

[1] As an initial matter, the topics are hopelessly broad, essentially requesting all documents and information that relate in any way to bivalirudin. *See, e.g.*, Ex. 1 to Beyer Decl., Topics 5, 6, and 11. It would be unduly burdensome for Plantex to produce all documents and prepare a witness to testify regarding all meetings, all relationships, and all communications that relate in any way to bivalirudin without any regard to relevance. *See Reytblatt v. IRS*, No. 01-4155, 2002 WL 1299832, at *8 (2d Cir. 2002) (granting motion to quash where deposition would not provide information relevant to the issues in the case); *Kirschner v. Klemons*, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (same).

[2] ▌

The Honorable Vincent J. Poppiti
May 24, 2011
Page 3

[redacted]

*See Lozano v. City of Hazleton*, 239 F.R.D. 397, 398 (M.D. Pa. 2006); *Novartis Pharms. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 392, 394 (D. Del. 2002).

In fact, the information that MedCo seeks would only be useful to promote MedCo's commercial interest, such as bolstering its negotiating position as a potential customer of Plantex or in potential settlement negotiations related to this case. Commercial, competitive information that is not tied to the claims and defenses in the litigation is irrelevant and should be protected from discovery. *See Solow v. Conseco, Inc.*, 06-CV-5988, 2008 WL 190340, at *4-5 (S.D.N.Y. Jan. 18, 2008) (quashing subpoena where "the documents sought in the subpoena have little or no relevance to the claims and defenses in this action, while having potential value to [Plaintiff] in his competitive relationship with [the subpoenaed party]"); *Ultimate Timing, L.L.C. v. Simms*, No. 3-09-mc-6-RLY-WGH, 2009 WL 1148056, at *2 (S.D. Ind. Apr. 28, 2009) (protective order appropriate where subpoena requests "may be used to obtain confidential and proprietary information of a competitor under the guise of discovery").

In the absence of any claims against Plantex or any Teva entity that relate to the Hospira or APP ANDAs, this Court should protect Plantex from producing any testimony and documents falling within the scope of the deposition topics to the extent they relate to Hospira, APP, or any third party.

### III. CONCLUSION

For the reasons set forth above, Plantex respectfully requests that the Court enter Plantex-USA Inc. and George Svokos' Proposed Protective Order limiting the scope of Topics 1-6, 11-14, and 17 of the Plantex subpoena, solely to the extent they relate to the Pliva ANDA, and protecting Plantex from discovery relating to the Hospira and APP ANDAs as well as any third party. Ex. 9 to Beyer Decl.

Respectfully submitted,

*/s/ Megan C. Haney*
Megan C. Haney (No. 5016)

cc: All Counsel (w/encls.) (by email)