IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE MEDICINES COMPANY<br><br>    Plaintiff,<br><br>v.<br><br>TEVA PARENTERAL MEDICINES,<br>INC., et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 09-750-ER<br>)      (Consolidated)<br>)<br>)   (DM 14)<br>)<br>)<br>) |

**AMENDED SCHEDULING ORDER REGARDING DISCOVERY RELATING TO INEQUITABLE CONDUCT AND UNCLEAN HANDS COUNTERCLAIMS**

WHEREAS, on May 2, 2011, plaintiff The Medicines Company ("MedCo") moved for an order of protection (D.I. 319), requesting that the defendants be precluded from seeking deposition testimony pursuant to Fed. R. Civ. P. 30(b)(6) with respect to, *inter alia*, defendants' Topic Nos. 9-11 relating to inequitable conduct;

WHEREAS, on May 6, 2011, defendants APP Pharmaceuticals, LLC and APP Pharmaceuticals Inc. ("APP") opposed MedCo's motion for an order of protection (D.I. 338);

WHEREAS, by Order dated August 11, 2011 (D.I. 534), the Court ordered that "[d]iscovery on the matters raised in APP's Amended Answer and Counterclaims shall continue as scheduled by Special Master Poppiti" (D.I. 534 at n.2);

WHEREAS, on August 18, 2011, the parties submitted their written discovery plan (D.I. 544) pursuant to the Special Master's August 15, 2011 Order (D.I. 536);

WHEREAS, on August 22, 2011, a telephonic scheduling conference was held ("August 22 Conference") for the purpose of setting a deadline for discovery relating to APP's allegations of inequitable conduct and unclean hands against MedCo;

WHEREAS, on August 23, 2011, the Special Master issued the Scheduling Order Regarding Discovery Relating to Inequitable Conduct and Unclean Hands Counterclaims (D.I. 549) ("Scheduling Order");

WHEREAS, on August 24, 2011, MedCo submitted a letter to the Special Master "request[ing] reconsideration and/or clarification of" certain deadlines set forth in the Scheduling Order (D.I. 552) ("Request for Reconsideration");

WHEREAS, on August 25, 2011, APP opposed MedCo's Request for Reconsideration (D.I. 555);

WHEREAS, on August 26, 2011, the Special Master conducted a teleconference with the parties regarding MedCo's Request for Reconsideration ("August 26 Conference") and issued decisions on the record with respect to the Request for Reconsideration;

WHEREAS, those decisions and reasons for same contained in the transcript of the August 26 Conference are incorporated herein;

NOW, THEREFORE, IT IS HEREBY ORDERED that discovery relating to APP's allegations of inequitable conduct and unclean hands shall proceed according to the following chart:

| Event | Date | Reason |
|---|---|---|
| MedCo to serve on APP not more than 5 interrogatories relating to APP's allegations of inequitable conduct and unclean hands | August 29, 2011 | In the Special Master's view, it is critically important for discovery to begin forthwith in keeping with the Court's August 11, 2011 Order (D.I. 534).<br><br>Further, the parties agreed on the maximum number of interrogatories during the August 22 Conference. |
| APP to serve on MedCo not more than 3 interrogatories relating to APP's allegations of inequitable conduct and unclean hands | | |
| MedCo and APP to exchange their respective constructions of any additional claim terms and meet and confer regarding same | August 30, 2011 | The parties agreed to this event and date during the August 22 Conference, as clarified during the August 26 Conference. |

| Event | Date | Reason |
|---|---|---|
| APP to serve supplemental answers to MedCo Interrogatory Nos. 1 and 2 to APP, served April 1, 2011; <br><br> MedCo to serve substantive answers to APP Interrogatory <ul><li>No. 6 (as to total impurities and reconstitution time)</li><li>No. 16 (inequitable conduct contention)</li><li>No. 18 (as to reconstitution time protocols)</li><li>No. 23 (unclean hands contention)</li></ul> | September 6, 2011 | APP proposed that these events should occur on this date in its portion of the discovery plan. (*See* D.I. 544 at 6). <br><br> In its Request for Reconsideration, MedCo objected on substantive grounds to the Special Master's inclusion of APP Interrogatory No. 22 in the August 23 Scheduling Order. The Special Master has removed Interrogatory No. 22 from this Amended Scheduling Order given that this interrogatory is in dispute. <br><br> In the Special Master's view, notwithstanding that APP has the ultimate burden of proof on its inequitable conduct and unclean hands counterclaims, MedCo will suffer no prejudice in providing substantive answers to Interrogatory Nos. 6, 16, 18, and 23 before APP serves its answers to MedCo's interrogatories regarding inequitable conduct and unclean hands. Indeed, MedCo has been aware of APP's position with respect to inequitable conduct and unclean hands since February 25, 2011, the date that APP filed its Motion for Leave to Amend (D.I. 181). Further, MedCo may supplement its answers to these interrogatories on October 7, 2011, which is more than two weeks after MedCo will have received APP's interrogatory answers on September 19, 2011. |
| APP to answer MedCo's interrogatories to APP, served August 29, 2011 | September 19, 2011 | The Special Master proposed this date during the August 22 Conference, and APP agreed. |

| Event | Date | Reason |
|---|---|---|
| MedCo to answer APP's interrogatories to MedCo, served August 29, 2011 | September 29, 2011 | This proposed date occurs 30 days after the proposed deadline for APP to propound the interrogatories. In the Special Master's view, there is no reason to deviate from the timeframe prescribed by Fed. R. Civ. P. 33. In addition, APP agreed to this timeframe. (*See* 8/22/11 Tr. at 30:10-12.) |
| If necessary, MedCo and APP to supplement answers to interrogatories | October 7, 2011 | The Special Master concludes that in addition to the parties' ongoing obligation to supplement, setting a staged date certain provides some needed structure. |
| MedCo to produce non-privileged documents in response to APP's Requests for Production Nos. 71-78 | October 14, 2011 | During the August 26 Conference, APP proposed a one-week extension of the deadline set forth in the Scheduling Order (October 7, 2011). |
| MedCo to produce any documents or information previously withheld based on attorney-client privilege or attorney work product immunity within the scope of that waiver, or to produce a privilege log with respect to such documents | October 28, 2011 | MedCo proposed that this event should occur on this date in its portion of the discovery plan. (*See* D.I. 544 at 2.) In the Special Master's view, it is critical that MedCo have sufficient time to make determinations regarding privilege—particularly where MedCo's counsel's law firm was involved in prosecuting the patents-in-suit and may be affected by these privilege issues. |
| MedCo to notify APP and the Court of the extent to which it waives attorney-client privilege or attorney work product immunity | November 4, 2011 | In the Special Master's view, it is appropriate to permit MedCo to have one week from the date it produces documents previously withheld on privilege grounds (or a privilege log) to make the critical determination regarding the extent to which it waives attorney-client privilege or work product immunity. |

| Event | Date | Reason |
|---|---|---|
| APP to provide MedCo with list of deponents;<br><br>MedCo to designate a witness to testify as MedCo's corporate representative regarding APP Rule 30(b)(6) Topic Nos. 9-11 | November 8, 2011 | MedCo's motion for a protective order (D.I. 319) as to Topic Nos. 9-11 is DENIED. In the Special Master's view, Topic Nos. 9-11 seek appropriate discovery regarding APP's inequitable conduct defenses and counterclaims. MedCo's reliance on *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009) (citing Manual of Patent Examining Procedure) for the proposition that Topic Nos. 9-11 are "inappropriate as a matter of law" since "a corporation cannot commit inequitable conduct" is misplaced. Indeed, MedCo has cited to no authority which stands for the proposition that it is inappropriate to take a Fed. R. Civ. P. 30(b)(6) deposition on issues relating to inequitable conduct. Further, the opinions cited by APP reveal that such discovery is not improper. *See Aristocrat Technologies v. IGT*, No. C-06-03717 RMW (N.D. Cal. Aug. 3, 2010), Order at 2 (noting that party took 30(b)(6) deposition regarding inequitable conduct); *Ethypharm S.A. France v. Abbott Labs.*, No. 08-126-SLR-MPT, Mem. Order at 5 n.24, 26 (D. Del. Nov. 15, 2010) (ordering 30(b)(6) deposition on inequitable conduct).)<br><br>Further, the Special Master rejects MedCo's assertion that Topic Nos. 9-11 inappropriately seek MedCo's contentions. Upon review of Topic Nos. 9-11, it is clear that the topics seek information that is factual in nature.<br><br>In addition, in the Special Master's view, the identification of deposition witnesses should occur after MedCo notifies APP and the Court of the extent to which it waives attorney-client privilege or work product immunity. Four days is sufficient time for the parties to identify deponents. |

| Event | Date | Reason |
|---|---|---|
| Fact depositions regarding inequitable conduct and unclean hands | November 21, 2011 – December 9, 2011 | In the Special Master's view, the parties should be given sufficient time to prepare for fact depositions after deponents are identified. Further, this three-week period for fact depositions is in keeping with MedCo's proposal. (*See* D.I. 544 at 2.) |
| Close of fact discovery regarding inequitable conduct and unclean hands | December 16, 2011 | In the Special Master's view, and in keeping with the parties' proposals, it is appropriate to set the fact discovery deadline for one week after fact depositions end. |
| Opening Expert Reports regarding inequitable conduct and unclean hands | 45 days after the close of inequitable conduct and unclean hands fact discovery (assuming there has been a final claim construction order), or 45 days after a final claim construction order, whichever is later | MedCo proposed this timeframe in its portion of the discovery plan. (*See* D.I. 544 at 2.) In the Special Master's view, this proposal is appropriate, and APP offered no reason during the August 22 Conference as to why this timeframe would be unreasonable. |
| Responding Expert Reports regarding inequitable conduct and unclean hands | 30 days after service of Opening Expert Reports | APP proposed this timeframe in its portion of the discovery plan. (*See* D.I. 544 at 7.) Indeed, MedCo proposed a similar timeframe of 4 weeks in its portion of the discovery plan. (*See id.* at 2.) |
| Reply Expert Reports regarding inequitable conduct and unclean hands | 30 days after service of Responding Expert Reports | APP proposed this timeframe in its portion of the discovery plan. (*See* D.I. 544 at 7.) Indeed, MedCo proposed a similar timeframe of 4 weeks in its portion of the discovery plan. (*See id.* at 2.) |
| Close of expert discovery regarding inequitable conduct and unclean hands | 6 weeks after service of Reply Expert Reports | This six-week timeframe is the average of the timeframes proposed by MedCo (4 weeks) and APP (8 weeks). (*See* D.I. 544 at 2, 7.) In the Special Master's view, six weeks is ample time for the parties to complete expert depositions regarding the inequitable conduct and unclean hands issues. |

THE SPECIAL MASTER'S ORDER WILL BECOME A FINAL ORDER OF THE COURT UNLESS OBJECTION IS TAKEN IN ACCORDANCE WITH THE ACCOMPANYING ORDER WHICH SHORTENS THE TIME WITHIN WHICH AN APPLICATION MAY BE FILED PURSUANT TO FED. R. CIV. P. 53(f)(2).

SO ORDERED this 26th day of August, 2011.

_____
Vincent J. Poppiti (#100614)
Special Master