**RICHARDS LAYTON & FINGER**

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

September 8, 2011

**VIA ECF, EMAIL AND HAND DELIVERY**

The Honorable Vincent J. Poppiti, Special Master
Fox Rothschild LLP
Citizens Bank Center
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323

      Re:    The Medicines Company v. Teva Parenteral Medicines, Inc. et al.,
               C.A. No. 09-750-ECR (D. Del.) (Consolidated)

Dear Judge Poppiti:

      Pursuant to D. Del. L. R. 7.1.2(b), we write regarding supplemental authority concerning Plaintiff The Medicines Company's motion to dismiss APP's inequitable conduct allegations. (D.I. 548).

      The ramifications of the Federal Circuit's ruling in *Therasense, Inc.* v. *Becton, Dickinson & Co.*, Nos. 2008-1511, 2008-1512, 2008-1513, 2008-1514, 2008-1595, 2011 WL 2028255 (Fed. Cir. May 25, 2011) (*en banc*) continue to be felt, including in evaluating pleadings of inequitable conduct. The Medicines Company became aware just yesterday of a decision in the Northern District of Illinois.

      In *Edge Capture L.L.C.* v. *Barclays Bank PLC*, No. 09-1521 (N.D. Ill. filed Mar. 10, 2009), Judge Norgle dismissed claims of inequitable conduct for failure to allege sufficient underlying facts to support an inference of an intent to deceive. (Ex. A. at 24). In doing so, the Court relied upon *Therasense* for (i) the application of Rule 9(b) to inequitable conduct claims; and (ii) analyzing pleadings of intent separately from materiality. (Ex. A at 19, 20).

      Specifically, Judge Norgle held that mere allegations of knowledge of allegedly material information, "***without more, are insufficient***." *Id.* at 24 (emphasis added) (citing *Cancer Res. Tech. Ltd.* v. *Barr Labs., Inc.*, 625 F.3d 724, 733-34 (Fed. Cir. 2010)). Applying the Federal Circuit's mandate in *Therasense*, Judge Norgle concluded that the defendants' allegations "that the Court may infer deceptive intent based on the materiality of the withheld prior art, ***is incorrect***." *Id.* (emphasis added) (citing *Therasense*, 2011 WL 2028255, at *10).

■ ■ ■

Honorable Vincent J. Poppiti
September 8, 2011
Page 2

  For the same reasons, APP's allegations of intent to deceive fail as a matter of law. APP's allegations are entirely <u>dependent</u> on materiality. (D.I. 553 at 5). As The Medicines Company argued in its reply brief on page 5—citing to the same portion of *Therasense* as Judge Norgle—the Federal Circuit specifically rejected such a basis for alleging an intent to deceive in *Therasense*. *Id.* (citing *Therasense*, 2011 WL 2028255, at *10). Indeed, the absence of a specific and independent factual basis to support an intent to deceive is highlighted by APP's recent response to an interrogatory requesting APP to identify any such facts. (Ex. B). APP's amended answer is deficient and should be dismissed.

                   Respectfully,

                   */s/ Frederick L. Cottrell, III*

                   Frederick L. Cottrell, III

FLC,III/afg

cc:  Counsel of Record