IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE MEDICINES COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TEVA PARENTERAL MEDICINES, INC., ) <br> TEVA PHARMACEUTICALS USA, INC. ) <br> and TEVA PHARMACEUTICAL ) <br> INDUSTRIES, LTD. ) <br> ) <br> Defendants. ) | C.A. No. 09-750 (ER) <br> (Consolidated) |

**PLAINTIFF THE MEDICINES COMPANY'S OBJECTIONS TO THE SPECIAL
MASTER'S REPORT & RECOMMENDATION DENYING THE MEDICINES
COMPANY'S MOTION TO DISMISS, STRIKE OR ALTERNATIVELY BIFURCATE
DEFENDANTS APP PHARMACEUTICALS, LLC AND APP PHARMACEUTICALS,
INC.'S ALLEGATIONS OF INEQUITABLE CONDUCT AND UNCLEAN HANDS**

*Of Counsel*

Edgar H. Haug
Porter F. Fleming
Angus Chen
Gina M. Bassi
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800

Dated: September 27, 2011

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Laura D. Hatcher (#5098)
hatcher@rlf.com
Richards, Layton & Finger P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Plaintiff
The Medicines Company*

RLF1 5367742v.1

## INTRODUCTION

Pursuant to Rule 53(f)(2), Plaintiff The Medicines Company ("MedCo") objects to the Special Master's Report and Recommendation ("the R&R") denying MedCo's Motion to Dismiss, Strike or Alternatively Bifucate APP's inequitable conduct and unclean hands allegations (D.I. 526)[1] and respectfully requests *de novo* review of the R&R.[2] (D.I. 592).

First, with respect to APP's allegations of inequitable conduct, the R&R committed legal error in determining an inference of intent to deceive is reasonable based on APP's pleaded facts. Even accepting as true APP's allegations, which Plaintiff contests, the facts in APP's amended pleadings contradict themselves. (*See infra* Sec. II). Such facts, therefore, fail to provide sufficient factual support for a reasonable inference of an intent to deceive as required by the Federal Circuit's mandate in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329 n.5 (Fed. Cir. 2009). An inference of specific intent is not reasonable if it is based on contradictory underlying facts. *Cf. Mediostream, Inc. v. Microsoft Corp.*, Civ. Action No. 08-369, 2010 WL 4239196, at *4 n.2 (E.D. Tex. Oct. 27, 2010). Such is the case here. Accordingly, APP's inequitable conduct allegations in its amended answers are legally insufficient as a matter of law and should have been dismissed.

Second, with respect to APP's allegations of unclean hands, the R&R committed legal error in maintaining APP's unclean hands counterclaims. The R&R failed to properly consider that a sister court in the Third Circuit has held that "as a matter of law, unclean hands cannot form the basis for a declaration of unenforceability of a patent." *In re Gabapentin Litig.*, 649 F. Supp. 2d 340, 348 (D.N.J. 2009) (emphasis added) (citing *Aptix Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369, 1378 (Fed. Cir. 2001)). (*See infra* Sec. III). The R&R's failure to address this law constitutes legal error. In view of this precedent, APP's unclean hands counterclaims are impermissible and should have been dismissed.

For at least these reasons, the Court should reverse the findings of the R&R and dismiss and strike APP's inequitable conduct allegations and unclean hands counterclaims.

## ARGUMENT

### I. Standard of Review

A report and recommendation by a special master that involves conclusions of law should be reviewed *de novo*. *U.S. v. Penny Lane Partners, L.P.*, No. 06-CV-1894, 2010 WL 5796465, at *5 (D.N.J. Oct. 26, 2010) (citing Fed. R. Civ. P. 53(f)(3)-(4)). Here, the R&R involves legal conclusions concerning whether APP's pleadings properly state a claim for relief. (D.I. 592 at 2). Thus, the R&R should be reviewed *de novo*.

---

[1] MedCo denies all of APP's allegations of inequitable conduct and unclean hands, but solely for purposes of this exception limits its objections to those set forth herein.

[2] The R&R should be reviewed *de novo* in view of its legal conclusions. Fed. R. Civ. P. 53(f)(4).

1

## II. The R&R Legally Erred in Determining That APP's Inequitable Conduct Allegations Reasonably Support an Inference of Intent to Deceive

APP's amended answers are fatally flawed as they fail to plead sufficient facts to support a reasonable inference of intent to deceive. In *Exergen*, the Federal Circuit instructed that while an intent to deceive may be inferred at the pleading stage, that inference "must be reasonable and drawn from a pleading's allegations of underlying fact to satisfy Rule 9(b)." 575 F.3d at 1329 n.5. "[O]ur precedent . . . requires that the pleading allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id.* at 1327.

The R&R committed legal error in determining that the factual allegations in APP's amended answers "support an inference of deceptive intent." (D.I. 592 at 13). Even accepting all the factual allegations in APP's amended answers as true, the pleadings contain contradictory factual allegations concerning materiality. (*See, e.g.*, D.I. 527 at 12-15). In particular, the R&R fails to explain how an inference of deceptive intent is reasonable in view of the following undisputed <u>contradictions</u> in APP's materiality allegations:

1. APP alleges that  However, APP's allegations are contradicted by its own pleadings that The R&R fails to explain how it is reasonable to infer an intent to deceive based on It is not disputed that the old process <u>was</u> disclosed. (D.I. 500 ¶ 96; D.I. 501 ¶ 95). Under these circumstances there cannot be a reasonable inference of deceptive intent.

2. APP alleges that data from the "old" process demonstrating that Angiomax® made by the "old" process sometimes had characteristics (impurities and reconstitution time) falling within the claims of the patents-in-suit. (*See, e.g.*, D.I. 500 ¶ 120; D.I. 502 ¶ 119). However, APP's allegations are contradicted by its own pleadings that the patents themselves, which disclose that the average values for impurities and reconstitution times from the "old" process (*e.g.* 0.5% for $Asp^9$-bivalirudin) fell within the claims of the patents-in-suit (*e.g.* does not exceed about 0.6 for $Asp^9$-bivalirudin). (*See, e.g.*, D.I. 500 ¶ 97; D.I. 502 ¶ 96). The R&R fails to explain how it is reasonable to infer an intent to deceive based on the non-disclosure of the underlying data where there was an express disclosure in the patents of the average values of that same data. Under these circumstances there cannot be a reasonable inference of deceptive intent.

3. APP alleges that  However APP's

2

allegations are contradicted by its own pleadings  The R&R fails to explain how it is reasonable to infer intent to deceive based on ▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, it was error to find an inference of deceptive intent under these circumstances.

Because of the clear contradictions in APP's materiality allegations, there is no reasonable basis for inferring an intent to deceive, as required by *Exergen*. *Cf. Mediostream*, 2010 WL 4239196, at *4 n.2 (stating that contradictory facts may "cut against" an inference of an intent to deceive). The Court's prior ruling approving APP's inequitable conduct counterclaims did not consider this new evidence[3] and, therefore, was erroneous and constitutes an "extraordinary circumstance" warranting a reconsideration of this issue is present here. *See Pub. Interest Research Grp. of New Jersey v. Magnesium Elektron, Inc.*, 123 F. 3d 111, 116-117 (3d Cir. 1997). Accordingly, APP's inequitable conduct allegations are legally insufficient as a matter of law and should be dismissed.

### III. The R&R Legally Erred in Ignoring That Unclean Hands as a Basis for Declaratory Judgment is Impermissible as a Matter of Law

The R&R committed legal error in maintaining APP's unclean hands counterclaims (D.I. 592 at 22). The R&R relies on the Court's prior determination that APP's amended answers "stated legally cognizable ... counterclaims of unenforceability due to unclean hands" as constituting "the law of the case." (D.I. 592 at 20). In so doing, the R&R failed to properly consider the clear holding of the *Gabapentin* case — which had not been previously considered by the Special Master — that unclean hands counterclaims are impermissible because, "*as a matter of law*, unclean hands *cannot* form the basis for a declaration of unenforceability of a patent." *In re Gabapentin Litig.*, 649 F. Supp. 2d 340, 348 (D.N.J. 2009) (emphasis added) (citing *Aptix Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369, 1378 (Fed. Cir. 2001)).

Indeed, the Special Master expressly acknowledged this during the September 12th oral argument:

> ... it seems to me that not having had -- not having anyone bring to my attention the appropriate Gabapentin case, and *the clear law that says, No, with unclean hands, you do not get a determination for a declaration of un-enforceability.*

(9/12/2011 Hr'g Tr. at 40:22-41:5) (emphasis added) (citing *id.*). The R&R's refusal to dismiss APP's unclean hands counterclaims, therefore, constitutes legal error.

Moreover, because the Court's prior ruling approving APP's unclean hands counterclaims is contrary to the law, it was erroneous and constitutes an "extraordinary

---

[3] The Special Master recognized that these arguments concerning materiality were new arguments that were not previously raised in connection with APP's motion to amend. (D.I. 516 at 2).

3

circumstance" warranting a reconsideration of this issue is present here. *See Pub. Interest Research Grp. of New Jersey*, 123 F. 3d at 116-117. The R&R's reliance on the law of the case doctrine is therefore misplaced. APP's unclean hands counterclaims are fatally flawed and should be dismissed.

## CONCLUSION

For the foregoing reasons, MedCo respectfully requests that the Court reverse the R&R's findings and dismiss and strike APP's allegations of inequitable conduct and unclean hands.

*Of Counsel:*

Edgar H. Haug
Porter F. Fleming
Angus Chen
Gina M. Bassi
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800

Dated: September 27, 2011

/s/ *Laura D. Hatcher*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Laura D. Hatcher (#5098)
hatcher@rlf.com
Richards, Layton & Finger P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Plaintiff*
*The Medicines Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2011, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF. I further certify that copies of the foregoing were caused to be served on September 27, 2011, in the manner indicated to:

### VIA ELECTRONIC MAIL:

Elena C. Norman
Monté T. Squire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street
17th Floor
Wilmington, DE 19801

Richard K. Herrmann
Mary B. Matterer
Amy A. Quinlan
MorrisJames LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

George C. Lombardi
Lynn MacDonald Ulrich
Ali I. Ahmed
Winston & Strawn LLP
35 West Wacker Drive

William F. Long
Kristin E. Goran
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, GA 30309-3996

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Emily A. Evans
Morrison & Forester LLP
755 Page Mill Road
Palo Alto, CA 94304-1018

/s/ Laura D. Hatcher
Laura D. Hatcher (#5098)
Hatcher@rlf.com