```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE
```

|  |  |  |
|---|---|---|
| THE MEDICINES COMPANY, | : | CIVIL ACTION |
|  | : | NO. 09-750-ER |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| TEVA PARENTERAL MEDICINES, | : |  |
| INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |

# **O R D E R**

**AND NOW**, this **6th** day of **October, 2011,** upon consideration of Special Master Vincent J. Poppiti's Report and Recommendation (doc. no. 592), Plaintiff's Objections (doc. no. 600),[1] and Defendants APP Pharmaceuticals' Response to

---

[1] Plaintiff's objections fail to grasp the law of the case doctrine. This doctrine "directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." Pub. Interest Research Grp. of New Jersey v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997). As the Court has already considered the same pleading at issue here under the same standard, (doc. no. 494), this doctrine applies here. Indeed, Plaintiff does not object to its application. There are, however, three noted exceptions, deemed "extraordinary circumstances," that warrant reconsideration despite the law of the case doctrine, they are as follows: "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." Id. at 116-17.
   Plaintiff contends that the Court should dismiss or strike Defendants' counterclaim of inequitable conduct because it does not meet the standard set forth Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312 (Fed. Cir. 2009). Pl. Objections 1-

---

2.  Even though the Court has already ruled on this issue, Plaintiff argues that the counterclaim's internal inconsistencies cannot support an inference of deceptive intent, as required by <u>Exergen</u>.  <u>Id.</u> 2-3.  Indeed, Plaintiff claims this argument constitutes new evidence.  <u>Id.</u> 3.  Unfortunately for Plaintiff, a new argument is not the same as new evidence.  As Plaintiff points out, all of the alleged inconsistencies are within Defendants' pleading.  <u>Id.</u> 2.  The Special Master's Report and Recommendation and this Court have previously assessed this entire pleading's sufficiency.  <u>See</u> doc nos. 444, 494.  Therefore, the Court finds there is insufficient new evidence or other exception to the law of the case doctrine to upset its previous conclusions.  Accordingly, Defendants' have successfully plead a claim of inequitable conduct.

Plaintiff also objects to the ruling on Defendants' unclean hands defense.  Again, Plaintiff misapplies the law of the case exception of supervening law.  Plaintiff relies first upon <u>In re Gabapentin</u>, 649 F. Supp. 2d 340, 348 (D.N.J. 2009), for the proposition that a court may not hold a patent unenforceable based upon the doctrine of unclean hands.  As Plaintiff surely knows, a sister court's decision is not binding upon this Court and, therefore, does not constitute supervening authority.  Moreover, its reliance on <u>Aptix Corp. v. Quickturn Design Sys., Inc.</u>, 269 F.3d 1369, 1378 (Fed. Cir. 2001), is similarly misplaced.  <u>Aptix</u> did not squarely address the issue before this Court, namely, Plaintiff's alleged unclean hands <u>prior</u> to litigation by placing the patent-in-suit in the Orange Book.  Indeed, <u>Aptix</u> involved alleged misconduct during the litigation and accordingly found that the district court did not properly limit relief to this misconduct.  <u>See id.</u> at 1378.

To the extent that <u>Aptix</u> may be supervening, the Court finds it is distinguishable from this case.  <u>Aptix</u> dealt with the specific litigation misconduct of presenting forged documents to the court.  <u>Id.</u> at 1372-74.  In this case, Plaintiff's alleged misconduct was prior to litigation, that is, its listing in the Orange Book of the patent-in-suit.  Defs.' Am. Answer and Countercls. 39, ¶ 25-27.  Thus, Plaintiff's alleged fraud reaches beyond the instant litigation.  In fact, it reaches to the jurisdiction basis of Plaintiff's ability to sue because a prerequisite to this ability is a proper filing in the Orange Book.  <u>See</u> 35 U.S.C. § 271(e)(2)(A); 21 U.S.C. §§ 355(b)(1), (j)(2)(A)(vii); <u>see also</u> <u>Andrx Pharms., Inc. v. Biovail Corp.</u>, 276 F.3d 1368, 1371 (Fed. Cir. 2002).  This distinction is critical.

"The entire chain of <u>Keystone</u> cases also shows that the relief for unclean hands <u>targets specifically the misconduct</u>, without reference to the property right that is the subject of

Plaintiff's Objections (doc. no. 606),[2] it is hereby **ORDERED** that Special Master Vincent J. Poppiti's Report and Recommendation (doc. no. 592) is **ADOPTED** and **APPROVED**.

**AND IT IS SO ORDERED.**

    S/Eduardo C. Robreno
    **EDUARDO C. ROBRENO, J.**

---

the litigation." Aptix, 269 F.3d at 1376 (Fed. Cir. 2001) (emphasis added). The misconduct and the limited relief from Aptix went hand-in-hand. As the misconduct here has a broader sweep than the misconduct in Aptix, the relief must be correspondingly broader. While it is true that Defendants' counterclaim seeks unenforceablility of the '727 patent, it also seeks any other relief that the Court finds appropriate. See Defs.' First Am. Answer and Countercls. 40, at ¶ L. The Court is unwilling at this time to dismiss or strike Defendants' counterclaim of unclean hands without the opportunity to exercise its equitable powers when fashioning the appropriate remedy. Cf. Aptix, 269 F.3d at 1378 (concluding that district court properly found unclear hands and properly dismissed suit, but limited relief to dismissal). Accordingly, the Court saves for another day what the proper relief may be, should Defendants succeed on their claim, but holds that Defendants have successfully plead a counterclaim for unclean hands.

[2] The Court also reviewed, again, Special Master Vincent J. Poppiti's Amended Report and Recommendation (doc. no. 444), and letters from both Plaintiff and Defendants (doc. no. 607, 609).