IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE MEDICINES COMPANY,<br><br>              Plaintiff,<br><br>    v.<br><br>TEVA PARENTERAL MEDICINES, INC., et al.<br><br>              Defendants. | C.A. No. 09-750-ER<br><br>**(Consolidated)** |

### APP PHARMACEUTICALS, LLC AND APP PHARMACEUTICALS, INC.'S ANSWERING BRIEF REGARDING ADDITIONAL CLAIM CONSTRUCTION PROPOSED BY THE MEDICINES COMPANY

OF COUNSEL
MORRISON & FOERSTER LLP

Emily A. Evans (*pro hac vice*)
Eric C. Pai (*pro hac vice*)
Christopher Robinson (*pro hac vice*)
Cecilia Ziniti (*pro hac vice*)
755 Page Mill Road
Palo Alto, California 94304-1018
(650) 813-5600
eevans@mofo.com
epai@mofo.com
christopherrobinson@mofo.com
cziniti@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Elena C. Norman (No. 4780)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-5029
enorman@ycst.com
msquire@ycst.com

*Attorneys for Defendants and Counterclaim Plaintiffs APP Pharmaceuticals, LLC and APP Pharmaceuticals, Inc.*

Dated: October 20, 2011

**INTRODUCTION**

MedCo's opening brief confirms that MedCo is wasting the Court's time. MedCo insisted this briefing was necessary because "[f]ailure to construe the supplemental terms would prejudice The Medicines Company's ability to rebut APP's inequitable conduct claims." (D.I. 563, at 2.) But MedCo still has not explained how any of its proposed constructions are relevant to inequitable conduct. Indeed, MedCo's brief nowhere refers to "inequitable conduct."

Most of MedCo's brief does not even purport to construe the claim terms. MedCo devotes half of its brief to invalidity issues that are not in this case. Notably, MedCo concedes that several of its proposed claim terms do not require construction. For the remaining terms, MedCo's proposed constructions are irrelevant to the inequitable conduct issues here. None of them would permit a benign interpretation of MedCo's misrepresentations to the Patent Office regarding the '343 and '727 patents.

**ARGUMENT**

This Court should reject MedCo's arguments and proposed constructions.

<u>First</u>, the Court does not have jurisdiction to determine whether MedCo's unasserted claims are invalid for indefiniteness. MedCo spends half of its brief arguing that the terms "about 42 seconds," "about 1%," "about 2%," and "a maximum total impurity level that does not exceed about 1% [or 2%] as measured by HPLC" do not render MedCo's unasserted claims indefinite. (MedCo Op. Br., D.I. 614, at 5-8, 10.) But this Court has held that it lacks jurisdiction to determine the validity or invalidity of the patent claims that MedCo has not asserted against APP. (D.I. 377, at 2 n.1.) That ruling was based on MedCo's own unequivocal representations that there is, and will be, no case or controversy with APP as to the validity or

invalidity of those claims. (D.I. 319 at 2; D.I. 364, at 1-3.) The Court should decline to consider MedCo's arguments that the unasserted claims are not indefinite.

Second, MedCo concedes that several of its proposed terms do not require construction. MedCo says that "about 1%," "about 2%," and "about 42 seconds" should simply be afforded their plain and ordinary meaning. (MedCo Op. Br. at 4, 6, 9-10.) As MedCo knows, APP's position all along has been that these claim terms (as well as MedCo's other additional terms) need not be construed. (D.I. 564, at 1.) Why then did MedCo insist that these terms be addressed in this supplemental briefing?

Third, several of MedCo's proposed constructions are redundant. MedCo asks the Court to construe three overlapping phrases: "total impurity level," "a maximum total impurity level," and "a maximum total impurity level that does not exceed about 1% [or 2%] as measured by HPLC." APP addresses the first term in the next paragraph below. As to the latter two phrases, MedCo's proposed constructions add nothing. For "a maximum total impurity level," MedCo uses the same construction of "maximum" that it proposed in its earlier *Markman* briefing, as does APP. (D.I. 461, at 14-15; D.I. 459, at 12; D.I. 504, at 10.) For "a maximum total impurity level that does not exceed about 1% [or 2%] as measured by HPLC," MedCo's construction simply restates the underlined claim language verbatim. (MedCo Op. Br. at 6.)

Fourth, MedCo's proposed constructions of the two remaining terms – "reconstitution time" and "total impurity level" – are unhelpful and irrelevant to the inequitable conduct issues in this case. As APP discussed in its opening brief, MedCo's construction of "reconstitution time" does not explain what "reconstitution" means or how that "time" is determined. (APP Op. Br., D.I. 615, at 6.) Similarly, MedCo's construction of "total impurity level" does not explain how to measure impurities, what impurities are "measurable," or how to calculate the "combined

total" of all impurities.  (*Id.* at 8.)  MedCo's constructions do nothing to clarify the meaning of these terms.  More importantly, MedCo's constructions do not support a benign interpretation of its misrepresentations regarding the experimental results from its allegedly "new" process for making pharmaceutical batches.  MedCo repeatedly and unequivocally represented to the Patent Office that the reconstitution times and total impurity levels for all batches made by its "new" process do not exceed the maximums claimed in the patents, when in fact MedCo had release test data showing reconstitution times and total impurity levels that exceeded those maximums.  (*Id.* at 2-3.)  MedCo does not explain (because it cannot) how its proposed constructions of the terms "reconstitution time" and "total impurity level" would have any impact on the determination of whether these misrepresentations constitute inequitable conduct.

## CONCLUSION

MedCo's own brief illustrates why its additional claim terms do not require construction.  APP respectfully requests that the Court reject MedCo's proposed constructions and decline to consider MedCo's arguments concerning invalidity of the unasserted claims.  To the extent that the Court finds it helpful to construe any of the additional terms, APP requests that the Court adopt the constructions that APP proposed in its opening brief.

01: 11534338.1                                                                                              068907.1001

| | |
|---|---|
| Dated: October 20, 2011 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | |
| | */s/ Elena C. Norman* |
| | Elena C. Norman (No. 4780) |
| | Monté T. Squire (No. 4764) |
| | The Brandywine Building |
| | 1000 West Street, 17th Floor |
| | Wilmington, DE  19801 |
| | Telephone:  (302) 571-5029 |
| | Facsimile:  (302) 571-1253 |
| | enorman@ycst.com |
| | msquire@ycst.com |
| | |
| | *Attorneys for Defendants and Counterclaim Plaintiffs APP Pharmaceuticals, LLC and APP Pharmaceuticals, Inc.* |

OF COUNSEL

MORRISON & FOERSTER LLP

Emily A. Evans (*pro hac vice*)
Eric C. Pai (*pro hac vice*)
Christopher Robinson (*pro hac vice*)
Cecilia Ziniti (*pro hac vice*)
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone:  (650) 813-5600
Facsimile:  (650) 494-0792
eevans@mofo.com
epai@mofo.com
christopherrobinson@mofo.com
cziniti@mofo.com

## CERTIFICATE OF SERVICE

I, Elena C. Norman, Esquire, hereby certify that on October 20, 2011, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Frederick L. Cottrell, III, Esquire
Laura D. Hatcher, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
*cottrell@rlf.com*
*hatcher@rlf.com*

*Attorneys for Plaintiff*

Richard K. Herrmann, Esquire
Morris James, LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
*rherrmann@morrisjames.com*

*Attorneys for Defendant Hospira Inc.*

I further certify that on October 20, 2011, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record, and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

Edgar H. Haug, Esquire
Porter F. Fleming, Esquire
Angus Chen, Esquire
Mark P. Walters, Esquire
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY  10151
*ehaug@flhlaw.com*
*pfleming@flhlaw.com*
*achen@flhlaw.com*
*mwalters@flhlaw.com*

*Attorneys for Plaintiff*

William F. Long, Esquire
Kristin E. Goran, Esquire
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, GA  30309-3996
*bill.long@sutherland.com*
*kristin.goran@sutherland.com*

*Attorneys for Defendant Hospira Inc.*

        YOUNG CONAWAY STARGATT
         & TAYLOR, LLP

        /s/ *Elena C. Norman*
        Elena C. Norman (No. 4780)
        Monté T. Squire (No. 4764)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware  19801
        (302) 571-6600
        *enorman@ycst.com*
        *msquire@ycst.com*

        *Attorneys for Defendants APP Pharmaceuticals,*
        *Inc. and APP Pharmaceuticals LLC*

Dated: October 20, 2011