IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE MEDICINES COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 09-750 (ECR) (Consolidated) |
| | ) |
| APP PHARMACEUTICALS, LLC and | ) |
| APP PHARMACEUTICALS, INC. | ) |
| | ) |
| Defendants. | ) |

## THE MEDICINES COMPANY'S ANSWER TO DEFENDANTS' FIRST AMENDED COUNTERCLAIMS TO THE COMPLAINT

Plaintiff The Medicines Company, by its undersigned attorneys, answers to the Counterclaims of defendants APP Pharmaceuticals, LLC and APP Pharmaceuticals, Inc. (collectively "APP") in Civil Action No. 10-476, as follows:

### PARTIES

1. The Medicines Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

2. The Medicines Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

3. The Medicines Company admits that it is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 8 Sylvan Way, Parsippany, New Jersey 07054.

### JURISDICTION AND VENUE

4. The Medicines Company admits that APP purports to assert its Counterclaims under the Declaratory Judgment Act and the Patent Laws of the United States, but denies that the Counterclaims are valid or sustainable or that the Court has subject-matter

jurisdiction over them.

     5.     The Medicines Company admits that venue is proper in this Court.

## BACKGROUND

     6.     The Medicines Company admits that it is the owner of New Drug Application ("NDA") No. 20-873, which was approved by the FDA for the manufacture and sale of Angiomax® in or about December 2000. The Medicines Company further admits that Angiomax® is the trade name for bivalirudin, 250 mg/vial, for intravenous injection for use, *inter alia*, as an anticoagulant in patients with unstable angina undergoing percutaneous transluminal coronary angioplasty (PTCA). The Medicines Company further admits that in or about January 2001, certain forms of Angiomax® have been on sale in the United States. The Medicines Company denies the remaining allegations in paragraph 6.

     7.     The Medicines Company admits that APP notified The Medicines Company that APP submitted to the FDA an Abbreviated New Drug Application ("ANDA") numbered 90-189 ("APP's ANDA"), seeking approval to market a bivalirudin for injection, 250 mg/vial product that references Angiomax®. The Medicines Company lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7, and therefore they are denied.

     8.     The Medicines Company admits that U.S. Patent No. 7,598,343 ("the '343 patent"), entitled "Pharmaceutical formulations of bivalirudin and processes of making the same," was duly and legally issued on October 6, 2009, to The Medicines Company upon assignment from Gopal Krishna and Gary Musso. The Medicines Company further admits that pursuant to and as required by 21 U.S.C. § 355(b)(1), the '343 patent is listed in FDA's publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "*Orange Book*") as covering The Medicines Company's Angiomax®

product. The Medicines Company denies the remaining allegations in paragraph 8.

9. The Medicines Company admits that APP notified The Medicines Company that APP's ANDA "contains a Paragraph IV certification indicating that APP LLC intends to seek approval to engage in the commercial manufacture, use or sale of Bivalirudin for Injection, 250 mg/vial, before the July 27, 2028 expiration of the '343 Patent." The Medicines Company lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore they are denied.

10. The Medicines Company admits that Christopher P. Bryant, Ph.D., Executive Vice President and Chief Scientific Officer of APP, sent The Medicines Company a letter dated April 22, 2010 purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(i) and (ii). The Medicines Company denies the remaining allegations in paragraph 10.

11. The Medicines Company admits that it brought this action against APP for patent infringement of the '343 patent. The Medicines Company denies the remaining allegations in paragraph 11.

12. The allegations of paragraph 12 state legal conclusions to which no response is required. To the extent a response is required, The Medicines Company admits that this Court has jurisdiction over The Medicines Company's claims against APP for patent infringement of the '343 patent. The Medicines Company denies the remaining allegations in paragraph 12.

## COUNT ONE
(Declaratory Judgment of Invalidity of the '343 Patent)

13. The Medicines Company repeats and incorporates its responses to each of the foregoing paragraphs as if fully set forth herein, and unless expressly admitted, The Medicines Company denies each of the foregoing allegations.

RLF1 5514988v. 1

14. The allegations of paragraph 14 state legal conclusions to which no response is required. To the extent a response is required, The Medicines Company denies the allegations in paragraph 14.

15. The allegations of paragraph 15 state legal conclusions to which no response is required. To the extent a response is required, The Medicines Company denies the allegations in paragraph 15.

### COUNT TWO
(Declaratory Judgment of Non-Infringement of the '343 Patent)

16. The Medicines Company repeats and incorporates its responses to each of the foregoing paragraphs as if fully set forth herein, and unless expressly admitted, The Medicines Company denies each of the foregoing allegations.

17. The allegations of paragraph 17 state legal conclusions to which no response is required. To the extent a response is required, The Medicines Company denies the allegations in paragraph 17.

### COUNT THREE
(Mandatory Injunction Ordering MedCo to Request
Delisting of the '343 Patent from the Orange Book)

18. The Medicines Company repeats and incorporates its responses to each of the foregoing paragraphs as if fully set forth herein, and unless expressly admitted, The Medicines Company denies each of the foregoing allegations.

19. The allegations of paragraph 19 state legal conclusions to which no response is required. To the extent a response is required, The Medicines Company denies the allegations in paragraph 19.

20. The allegations of paragraph 20 state legal conclusions to which no response is required. To the extent a response is required, The Medicines Company denies the

allegations in paragraph 20.

21. The allegations of paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, The Medicines Company denies the allegations in paragraph 21.

## COUNT FOUR
(Declaratory Judgment of Unenforceability of the '343 Patent: Inequitable Conduct)

22. The Medicines Company repeats and incorporates its responses to each of the foregoing paragraphs as if fully set forth herein, and unless expressly admitted, The Medicines Company denies each of the foregoing allegations.

23. The allegations of paragraph 23 state legal conclusions to which no response is required. To the extent a response is required, The Medicines Company denies the allegations in paragraph 23.

24. The allegations of paragraph 24 state legal conclusions to which no response is required. To the extent a response is required, The Medicines Company denies the allegations in paragraph 24.

## COUNT FIVE
(Declaratory Judgment of Unenforceability of the '343 Patent: Unclean Hands)

25. The Medicines Company repeats and incorporates its responses to each of the foregoing paragraphs as if fully set forth herein, and unless expressly admitted, The Medicines Company denies each of the foregoing allegations.

26. The allegations of paragraph 26 state legal conclusions to which no response is required. To the extent a response is required, The Medicines Company denies the allegations in paragraph 26.

27. The allegations of paragraph 27 state legal conclusions to which no

response is required. To the extent a response is required, The Medicines Company denies the allegations in paragraph 27.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff The Medicines Company respectfully requests the following relief:

(a) A judgment dismissing with prejudice APP's Counterclaims in their entirety;

(b) A judgment awarding The Medicines Company its attorneys' fees and costs in defending APP's Counterclaims;

(c) Such other and further relief as this Court may deem just and proper.

*Of Counsel*

Edgar H. Haug
Porter F. Fleming
Angus Chen
Gina M. Bassi
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800

Dated: October 21, 2011

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Laura D. Hatcher (#5098)
hatcher@rlf.com
Richards, Layton & Finger P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Plaintiff*
*The Medicines Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2011, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF. I further certify that copies of the foregoing were caused to be served on October 21, 2011, in the manner indicated to:

**VIA ELECTRONIC MAIL:**

Elena C. Norman
Monté T. Squire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street
17th Floor
Wilmington, DE 19801

Richard K. Herrmann
Mary B. Matterer
Amy A. Quinlan
MorrisJames LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

George C. Lombardi
Lynn MacDonald Ulrich
Ali I. Ahmed
Winston & Strawn LLP
35 West Wacker Drive

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

William F. Long
Kristin E. Goran
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, GA 30309-3996

Emily A. Evans
Morrison & Forester LLP
755 Page Mill Road
Palo Alto, CA 94304-1018

_/s/ Laura D. Hatcher_
Laura D. Hatcher (#5098)
Hatcher@rlf.com