IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MEDICINES COMPANY INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 09-750-RGA |
| HOSPIRA INC., | : | |
| Defendant. | : | |

**ORDER**

The Court has the Defendant's Motion to Seal Selected Portions of Trial Transcript and Exhibits. (D.I. 797). Argument is complete. (D.I. 805, 806).

Arguing for redaction is that the information, which is the price the Defendant paid for bivalirudin, is confidential commercial information (albeit somewhat out-of-date) of the sort the disclosure of which could be used to "undercut" Defendant in the bivalirudin sales market. Thus, it is the sort of information that the Court would consider protecting from disclosure.

Arguing against redaction is that the information is not current and that Defendant's entry into the bivalirudin sales market is speculative. Thus, it is hard to say that disclosure will seriously injury Defendant or its supplier. *See Softview LLC v. Apple, Inc.*, 2012 WL 3061027, *9 (D.Del. July 26, 2012).

Had a request to seal been made contemporaneously, it would be a close question. The issue could have been avoided. Among other things, the price was irrelevant to any issue in the case. There was, however, no timely objection. Thus, the cat is already out of the bag, and that argues against redaction. The fact that it is a judicial record – a trial transcript – that Defendant seeks to redact also argues against redaction. *See Mosaid Techs., Inc. v. LSI Corp.*, 878

F.Supp.2d 503, 507-08 (D.Del. 2012).

Thus, in the exercise of discretion, and considering all of the above, I will **DENY** the motion to seal. (D.I. 797).

11-1-13
Date

United States District Judge