# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| THE MEDICINES COMPANY,<br><br>                      Plaintiff,<br><br>    v.<br><br>HOSPIRA, INC.,<br><br>                      Defendant. | C.A. No. 09-750 RGA |

## HOSPIRA'S UNOPPOSED MOTION TO DISMISS REMAINING COUNTERCLAIMS

Defendant Hospira, Inc. ("Hospira") moves to dismiss its remaining counterclaims in this case. In support of this request, Hospira states as follows:

1. Plaintiff The Medicines Company ("MedCo") filed suit against Hospira for alleged patent infringement arising out of Hospira's filing of two related Abbreviated New Drug Applications for a bivalirudin drug product. (D.I. 1, Case No. 10-700-ER; *see also* D.I. 33, Case No. 10-700-ER (consolidating suit into above-captioned case).) The Counts of MedCo's Complaint asserted infringement of U.S. Patent Nos. 7,582,727 and 7,598,343 ("the patents-in-suit"). (D.I. 1, Case No. 10-700-RGA.)

2. In response, Hospira denied MedCo's claims and raised Counterclaims for declarations of non-infringement and invalidity of each patent-in-suit.[1] (D.I. 6, Case No. 10-700-ER.)

---

[1] Hospira also raised a Counterclaim for an award of attorneys' fees, but that Counterclaim was not pursued at trial.

{}

3. Following a three-day bench trial, this Court held all asserted claims valid but not infringed. (D.I. 827, 829.)

4. MedCo appealed the Court's ruling of non-infringement, and Hospira cross-appealed the court's ruling of no invalidity. (D.I. 831, 833.)

5. The Federal Circuit affirmed this Court's ruling of non-infringement. (D.I. 869-1 at 2.) Further, it reversed the ruling of no invalidity and remanded the case to this Court to determine whether the asserted claims are invalid under the on-sale bar. (*Id.*; *id.* at 10-11 ("Because the district court incorrectly concluded that the Distribution Agreement was not a commercial offer for sale, it did not reach the question of whether the Distribution Agreement covered the Angiomax created by the new, patented process. We leave this question for the district court to consider on remand.").)

6. The Federal Circuit's mandate issued on March 15, 2018. (D.I. 869.)

7. On March 26, 2018, this Court granted Hospira's request to stay this case until the May 7, 2018, deadline for any petition for writ of certiorari with the Supreme Court passed. (D.I. 870-871.) On May 14, 2018, this Court approved Hospira's request to file a motion to dismiss its remaining counterclaims. (D.I. 873.)

8. Following the Federal Circuit's mandate, the only claims pending in this Court are Hospira's Counterclaims for invalidity of the patents-in-suit. Grant of this motion would dispose of all remaining claims in this case.

9. Hospira has notified MedCo of this motion. MedCo does not oppose this motion.

WHEREFORE, Hospira requests that the Court grant this motion to dismiss. A proposed Order is attached hereto.

| | |
|---|---|
| Of Counsel: | */s/ Sarah E. Delia*<br>John M. Seaman (#3868)<br>Sarah E. Delia (#5833) |
| Bradford P. Lyerla<br>Sara T. Horton<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, IL 60654-3456<br>Telephone: 312 222-9350<br>blyerla@jenner.com<br>shorton@jenner.com | ABRAMS & BAYLISS LLP<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19807<br>Tel: (302) 778-1000<br>Fax: (302) 778-1001<br>seaman@abramsbayliss.com<br>Delia@abramsbayliss.com<br><br>*Attorneys for Hospira, Inc.* |

Dated: May 17, 2018